IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF WEST VIRGINIA
AT BLUEFIELD

**UNITED STATES OF AMERICA**

**v.**                                             CRIMINAL NO. 1:18-00042

**CARLOS DIAZ-BERNARD**

<u>MEMORANDUM OPINION AND ORDER</u>

    Pursuant to a Standing Order entered on October 31, 2023, the court instituted a review of the sentence imposed in this matter.  On November 1, 2023, a multi-part criminal history amendment designated as Amendment 821 in Appendix C to the *Guidelines Manual* became effective.  Part A of the amendment addresses status points, decreasing them by one point for individuals with seven or more criminal history points and eliminating status points for those with six or fewer criminal history points.  Subpart 1 of Part B creates a new §4C1.1 guideline that provides a decrease of two offense levels for "Zero-Point Offenders" (those with no criminal history points) whose offense did not involve specified aggravating factors. Parts A and B, subpart 1 of the criminal history amendment both have retroactive effect.  Recognizing that the courts, probation officers, and the Bureau of Prisons would need time to process motions and prepare release plans, the Commission also decided to require that any reduction in the term of imprisonment based

on retroactive application of Amendment 821 not be effective until February 1, 2024, or later. (See Amendment 825 to USSG §1B1.10, effective November 1, 2023). Accordingly, an order reducing a term of imprisonment based upon retroactive application of Amendment 821 must have an effective date of February 1, 2024, or later.

Pursuant to the Standing Order, the court, in consultation with the United States Probation Office, designated this defendant for Expedited consideration. By Order entered August 13, 2024, the United States Attorney's Office was directed to file any objection to a sentence reduction for this defendant. On August 14, 2024, the United States filed its response agreeing with the Probation Office that defendant appeared eligible for a sentence reduction within the amended guideline range of 12 to 18 months. <u>See</u> ECF No. 48. Nevertheless, the government urged the court to exercise its discretion and hold defendant to the terms of his 11(c)(1)(C) plea agreement and a deny a reduction from the 15-month sentence previously imposed. <u>See</u> <u>id.</u>

At his original sentencing, defendant's sentence was based on a Total Offense Level of 11 and a Criminal History Category of IV, with the defendant having a total of 8 criminal history

2

points, for an advisory guideline range of 18 to 24 months. As outlined in Paragraphs 34 to 36 of the presentence report, the defendant had a subtotal of 6 criminal history points plus 2 points for "status" pursuant to U.S.S.G. § 4A1.1(d), for a total of 8 criminal history points. Pursuant to a Rule 11(c)(1)(C) plea agreement, the parties agreed to a guideline range of 12 to 15 months of imprisonment. The court accepted the parties' binding plea agreement and defendant was sentenced to 15 months of imprisonment, consecutive to any undischarged terms of imprisonment, 3 years of supervised release, concurrent to any other undischarged terms of supervised release, no fine, and a $100 special assessment.

Following the retroactive amendment to the Guidelines, defendant would not receive status points and, therefore, he would have a total of 6 criminal history points, which would lower his Criminal History Category from IV to III. Based on a Total Offense Level of 11 and Criminal History Category of III, the defendant's amended advisory guideline range would be 12 to 18 months. As noted previously, the defendant was originally sentenced to 15 months of imprisonment, which was below his advisory guideline range of 18 to 24 months.

Based on the foregoing, the defendant is eligible for relief pursuant to Amendment 821. Pursuant to U.S.S.G. § 1B1.10(b)(2)(A), the court cannot reduce a defendant's term of imprisonment to a term that is less than the minimum of the amended guideline range, i.e., 12 months. Notwithstanding a defendant's eligibility for relief, the court still retains the discretion to determine whether a sentence should be reduced and the extent of any reduction after considering the factors under 18 U.S.C. § 3553(a).

The court has carefully considered whether a reduction is appropriate under the facts of this case. Under the plea agreement, the parties' agreed-upon sentencing range was 12 to 15 months. The court imposed a sentence of 15 months. Since that time, defendant has completed several courses while in BOP custody. He has, however, also received another disciplinary infraction for possessing a dangerous weapon in 2019. Therefore, after considering the applicable factors under 18 U.S.C. § 3353(a), consistent with 18 U.S.C. § 3582(c)(2), the court finds that a sentence reduction is not appropriate in this case. Defendant's 15-month sentence is within the amended guideline range and it remains an appropriate sentence. Therefore, any relief pursuant to Amendment 821 is **DENIED**.

4

The Clerk is **DIRECTED** to send a copy of this Memorandum Opinion and Order to defendant, counsel of record, the United States Attorney, the Federal Public Defender, and the United States Probation Office.

**IT IS SO ORDERED** this 20th day of August, 2024.

ENTER:

David A. Faber
Senior United States District Judge